96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John H. BROOKS, Jr., Petitioner-Appellant,
v.
Ronald E. EDWARDS, Warden, Respondent-Appellee.
 No. 95-3775.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1996.
 
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-appellant, John H. Brooks, Jr., appeals the district court's denial of his habeas corpus petition against respondent-appellee, Ronald E. Edwards, Warden.
 
 I.
 
 2
 The state court findings of fact in regard to this case were as follows: Robert Barclay was arrested after a package of cocaine was delivered to his address. Once he was arrested, he agreed to act as an informant for the Newark Police Department and agreed to cooperate in purchasing drugs from petitioner John Brooks, whom Barclay alleged was his source for the cocaine. In exchange for his agreement to purchase drugs from petitioner Brooks, the United States agreed to move to reduce Barclay's sentence, pursuant to U.S.S.G. § 5K1.1.
 
 
 3
 Under the direction of the police, informant Barclay went to petitioner's home, knocked on the back door, and was given consent to enter by petitioner. Barclay was wearing a wire. He purchased 3.5 grams of cocaine from petitioner for $250, and then turned the drugs over to the police, who were waiting outside. The police obtained a warrant for a search of petitioner's home, which uncovered firearms and an additional 20.17 grams of cocaine and 180.15 grams of marijuana.
 
 
 4
 Petitioner was indicted by the Licking County, Ohio Grand Jury on two counts of aggravated trafficking in drugs with firearm specifications, and one count of drug abuse with a motor vehicle forfeiture specification. A second indictment alleged one additional count of aggravated trafficking, one count of possession of criminal tools, and one count of drug abuse. The two indictments were consolidated for the purpose of trial.
 
 
 5
 Petitioner hired attorney Joe Hans to represent him after he was arrested and indicted. Mr. Hans discussed with petitioner the options concerning pleas and sentencing. Mr. Hans advised petitioner about assisting the police officers in some drug buys. He advised that if petitioner elected to proceed to trial, he would be found guilty and would receive a more severe sentence than if petitioner pled guilty. Mr. Hans researched several issues concerning the search warrant and found no viable issue upon which to file a motion to suppress.
 
 
 6
 On January 30, 1992, petitioner Brooks entered pleas of guilty to the indictments as charged. Petitioner pled guilty to selling the informant, Robert Barclay, 14.7 grams of cocaine in addition to selling him the 3.5 grams of cocaine during the controlled buy on October 1, 1991. He also pled guilty to having one or more firearms, which were taken from his house during the execution of the search warrant, indicating these firearms were on or about his person or under his control while committing the offense charged.
 
 
 7
 On March 30, 1992, on the first indictment, the state trial court imposed a sentence of imprisonment from five to twenty-five years on count one; two to fifteen years on count two; one year on count three; and three years actual incarceration on the firearm specification to be served consecutively to the concurrent terms imposed for counts one and two (case 91-F-18374). On the second indictment, the court imposed concurrent sentences of one year on each felony count and six months on the misdemeanor count; each sentence was to run concurrently and concurrently with the sentence imposed in case 91-F-18374.
 
 
 8
 Petitioner Brooks filed a petition for post-conviction relief in the state court of common pleas, alleging ineffective assistance of trial counsel; denial of due process and a fair trial due to prosecutorial misconduct; and entry of a plea of guilty which was not intelligently, knowingly, and voluntarily made.
 
 
 9
 On July 27, 1993, the trial court heard evidence on the motion. Ken Murray, Esq., an alleged expert with regard to criminal defense representations, reviewed petitioner's file and stated at the hearing that he believed that Joe Hans had rendered ineffective assistance of counsel to petitioner. Mr. Murray indicated that it was apparent that Mr. Hans had immediately believed petitioner was guilty and did not investigate relevant issues in the case by filing a motion to suppress or a motion in limine. Mr. Murray believed that there were several issues on which to base a motion to suppress which petitioner's attorney had failed to raise. On August 3, 1993, the trial court denied the motion for post-conviction relief.
 
 
 10
 Petitioner appealed to the Ohio Court of Appeals. On April 28, 1994, the Ohio Court of Appeals overruled the alleged assignments of error and affirmed the judgment of the trial court. Petitioner filed a motion for leave to appeal to the Ohio Supreme Court. On November 9, 1994, the Ohio Supreme Court dismissed the appeal as not involving a substantial constitutional question.
 
 
 11
 Brooks filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 2254. Respondent filed a return of writ, and petitioner filed a motion for leave to amend his petition to state only one claim for relief:
 
 
 12
 Petitioner's conviction was obtained by a misinformed, ill-advised guilty plea that was neither intelligent nor knowing because he did not receive the effective assistance of counsel, contrary to the Fourth, Fifth, Sixth, and Fourteenth Constitutional Amendment Rights.
 
 
 13
 On June 21, 1995, the district court found that petitioner Brooks' pleas of guilty were entered knowingly and intelligently, and that he failed to establish that he had been denied the effective assistance of counsel. The district court therefore denied habeas relief. Brooks timely filed a notice of appeal.
 
 II.
 
 14
 We must first determine whether the district court erred in finding that petitioner's claim of ineffective assistance of counsel lacked merit. We review the judgment of the district court de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). On appeal, petitioner contends that he received ineffective assistance of counsel because counsel failed "to provide [him] with all legal options available under the circumstances." However, the only alleged error mentioned in petitioner's brief before this court in this regard is his counsel's failure to file a motion to suppress evidence.
 
 
 15
 The district court stated the following about this issue:
 
 
 16
 Likewise, petitioner has not substantiated his Sixth Amendment claim based on counsel's failure to file a motion to suppress evidence. Petitioner has neither shown that the motion would have succeeded on the merits nor that he would have insisted on proceeding to trial had the court granted the motion. In addition, petitioner admits in his "Amicus Brief" that counsel "researched several issues concerning the search warrant and found none of them to be a viable issue upon which to file a motion to suppress." Moreover, the [state] trial court, in ruling on petitioner's post-conviction relief motion, made the following factual findings regarding counsel's performance:
 
 
 17
 The testimony indicates that counsel for the defendant and for the State of Ohio discussed the case and informally exchanged information on various aspects of the case for several weeks prior to the defendant's pleas of guilty. The discussions included many of the things that the petition in this matter suggested that trial counsel never considered such as how to measure the distance of the place of the offenses to the school premises, entrapment, and various search and seizure issues.
 
 
 18
 Based on these facts and the Court's independent examination of the record, the Court concludes that counsel did not perform unreasonably in deciding not to file a motion to suppress. Moreover, petitioner has failed to present this Court with even a colorable argument to support the merits of his underlying Fourth Amendment claims, which, in any event, are not reviewable in habeas corpus.
 
 
 19
 (Citations omitted.)
 
 
 20
 We agree with the district court. In regard to the ineffective assistance of counsel issue, a two-part test was set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), to determine whether petitioner's trial counsel was ineffective:
 
 
 21
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 22
 In applying this standard to the present case, petitioner must show that a suppression motion had merit, and that if the motion had been granted, he would not have pled guilty and would have insisted on his right to stand trial. Hill v. Lockhart, 474 U.S. 52, 60 (1985). Although before the state court, the "expert" testimony of Ken Murray indicated that certain motions should have been filed, petitioner's expert failed to delineate specifically the rationale upon which to base the motions, and, more important, he failed to offer the court any reason why the motions would have been meritorious. Before the Ohio courts, petitioner argued that the state erred in assuming that the alleged "warrantless search" that occurred when informant Barclay came to his house to buy drugs was valid under State v. Posey, 40 Ohio St.3d 420 (1988), cert. denied, 492 U.S. 907 (1989). Petitioner argued that the informant's visit to his house constituted a warrantless search in violation of the Fourth Amendment because the informant used deception to gain entry into his home by not informing petitioner, who was his friend, that he had become an informant. However, the holding of Posey is as follows:
 
 
 23
 Accordingly, we hold that when an individual gives consent to another to enter a private area wherein illegal activities are being conducted, the consent does not lose its status of being freely and voluntarily given merely because it would not have been given but for the fact that the other person failed to identify himself as a police officer or agent.
 
 
 24
 Id. at 429.
 
 
 25
 On appeal before the Supreme Court of Ohio, the court rejected petitioner's argument that his counsel's failure to file a motion to suppress raised a constitutional issue. We believe this judgment was correct. Petitioner is arguing that his counsel should have argued that the Fourth Amendment was violated because there was an intrusion into his home by a contracted police agent who did not have a warrant or probable cause for a search. To the contrary, it is well settled that entry into premises with the consent of the owner is not a "search" within the meaning of the Fourth Amendment. See Maryland v. Macon, 472 U.S. 463, 469 (1985). Moreover, it is not constitutionally impermissible for government agents to use deception and subterfuge to gain admission to premises to buy drugs. United States v. Lewis, 385 U.S. 206, 208-09 (1966); United States v. Passarella, 788 F.2d 377, 380 (6th Cir.1986).
 
 
 26
 In the present case, the record is devoid of evidence, nor does petitioner claim, that the informant entered his house to effect an arrest or to conduct a search; the informant Barclay was there to purchase drugs. The record is clear that petitioner invited Barclay to enter his house in response to Barclay's knocking on his back door. Therefore, informant Barclay's entry did not constitute a "search" under Maryland v. Macon. Petitioner's trial counsel did not err in determining that it would be futile to file a motion to suppress because the motion lacked merit. Petitioner has, therefore, failed to show that his counsel's representation fell below an objective standard of reasonableness and was ineffective.
 
 
 27
 For these reasons, petitioner's claim that he received ineffective assistance of counsel because his trial counsel did not file a motion to suppress has no merit, and the district court is affirmed on this issue.[1]
 
 III.
 
 28
 We must next decide whether the district court erred in determining that petitioner's claim that he was misinformed about his minimum sentence is barred by the procedural default rule. Petitioner asserts that his trial counsel misinformed him about the minimum sentence he could receive and, therefore, his guilty plea was not valid. Respondent submits that petitioner has waived this claim because he failed to raise it before the Ohio Supreme Court when he appealed the denial of his motion for post-conviction relief.
 
 
 29
 We agree. It is well settled that a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration before bringing a habeas action in federal court. 28 U.S.C. §§ 2254(b), (c). If the defendant fails to do so, but still has an avenue open to him by which he may present the claims in state court, his federal habeas petition is subject to dismissal for failure to exhaust state remedies. Id.; see Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Picard v. Connor, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims in state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977).
 
 
 30
 In the present case, petitioner's claim that he was misinformed of his minimum sentence is barred by the rule of procedural default. Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under Ohio's doctrine of res judicata. State v. Cole, 2 Ohio St.3d 112, 114 (1982); State v. Perry, 10 Ohio St.2d 175, 180 (1967). In the present case, petitioner did not raise before the Ohio Supreme Court his claim that counsel misinformed him about his minimum sentence. This failure constitutes a procedural default under Ohio's doctrine of res judicata and precludes petitioner from raising the issue before the Ohio Supreme Court in a subsequent action.
 
 
 31
 Because there is a state procedural rule barring petitioner's claim from being presented to the state's highest court, he is barred from bringing the claim in a federal habeas petition. 28 U.S.C. §§ 2254(b), (c). The procedural rule applicable to petitioner's claim is an adequate and independent state ground for refusal to hear the claim by the Ohio Supreme Court. Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986). The doctrine of res judicata has been explicitly set forth in numerous Ohio decisions, and Ohio courts have consistently refused to review claims on the merits under this doctrine. See State v. Cole, 2 Ohio St.3d at 114; State v. Perry, 10 Ohio St.2d at 180. Because there is a procedural rule, which is an adequate and independent state ground foreclosing review of petitioner's claim in state court, petitioner cannot raise the claim in federal court without showing cause and prejudice. Leroy v. Marshall, 757 F.2d 94, 97 (6th Cir.), cert. denied, 474 U.S. 831 (1985).
 
 
 32
 Petitioner has not alleged cause or prejudice to excuse his procedural default, nor does the record support a finding that petitioner might be "actually innocent" of the crimes for which he was convicted, see Murray v. Carrier, 477 U.S. at 496, or that a miscarriage of justice occurred. The district court, therefore, properly concluded that petitioner has waived his claim that his counsel failed to properly advise him of his minimum sentence, making his guilty plea invalid. In any event, the transcript of the plea hearing reveals that petitioner was properly and specifically advised of the range of sentences including actual and mandatory consecutive sentencing and the minimum possible punishment for his crimes. Thus, in the alternative, petitioner's claim fails because he is unable to show prejudice. See Strickland, 466 U.S. at 694.
 
 
 33
 For these reasons, the district court is affirmed on this issue. Petitioner's claim that he was not advised of his minimum sentence is barred by the rule of procedural default.
 
 IV.
 
 34
 Finally petitioner contends that the district court erred in finding his guilty plea voluntary and knowing, because he was not advised of the elements of the offenses charged and the facts recited were not sufficient to establish guilt for the firearms specification. He also argues that the plea was made under an undocumented agreement that his undercover work and guilty plea would result in a reduction in the length of his sentence to one year, an agreement which was not upheld.
 
 
 35
 None of these arguments have any merit. The record indicates that the trial court complied with the requirements of Ohio Criminal Rule 11, which ensures that a defendant understands the offenses charged. The sufficiency of the firearms specification is a matter of state law, and the Ohio courts have found that petitioner failed to bring a meritorious challenge in this regard. It is not the function of a federal habeas court to review interpretations of state law. "[S]tate courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). "A federal court may not set aside the state court's interpretation of state statutes." Hutchison v. Marshall, 744 F.2d 44, 46 (6th Cir.1984), cert. denied, 469 U.S. 1221 (1985).[2]
 
 
 36
 Finally, this court must defer to the state trial court's factual determination that the state record does not support petitioner's allegation that a negotiated plea agreement was violated. Pursuant to 28 U.S.C. § 2254(d), underlying questions of fact are governed by a statutory presumption of the correctness of the state court's findings unless the findings are not fairly supported by the record. Sumner v. Mata, 455 U.S. 591, 592 (1982). In the present case, there is no support in the record for petitioner's contention that the prosecution promised him a deal of a minimum one-year prison sentence in exchange for his cooperation with the police. The district court is affirmed on this issue.
 
 V.
 
 37
 To conclude, the opinion of the district court is hereby AFFIRMED.[3]
 
 
 
 [1]
 Petitioner also challenged the search warrant, but provided no evidence that the search warrant executed after the controlled buy lacked probable cause. In any event, the district court is correct that this Fourth Amendment claim is not reviewable in habeas corpus. Stone v. Powell, 428 U.S. 465, 494 (1976)
 
 
 [2]
 Petitioner fails to see that the recent Supreme Court decision of Bailey v. United States, 116 S.Ct. 501 (1995), which interprets the federal firearm statute, 18 U.S.C. § 924(c), does not apply to state firearm statutes, such as the one under which petitioner was convicted. The state firearm statute in the present case required only that a defendant be "in control" of the weapon, not that he "use" or "carry" the weapon, which is what the federal statute interpreted by Bailey requires
 
 
 [3]
 Petitioner does not adequately raise the argument about the alleged violation of judicial canons by the state trial judge. It is a "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990)