Larry E. GASTON Petitioner–
Appellant,

v.

State of OHIO Respondent–Appellee.

No. 00–3097.

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 2001.

Before NATHANIEL R. JONES, DAUGHTREY, and COLE, Circuit Judges.

NATHANIEL R. JONES, Circuit Judge.

Petitioner–Appellant Larry Gaston appeals the district court's denial of his petition for habeas corpus. The district court dismissed the habeas petition on the ground that the claims contained therein were procedurally defaulted. Gaston filed a notice of appeal which this Court construed as an application for a certificate of appealability.[1] This Court granted Gaston's application for a certificate of appealability with respect to two claims: (1) whether the prosecutor failed to disclose evidence favorable to Appellant, and (2) whether Appellant received ineffective assistance of counsel.[2]

I.

The undisputed facts which are relevant to the issues raised in Gaston's habeas petition are as follows. On September 30, 1996, Matthew Brace who is mentally disabled, was severely beaten by two men who used a hatchet to break into his apartment. At approximately 5:20 p.m. that day, police arrived at the apartment in response to a neighbor's 911 call, where they found Brace, who was covered with blood.

1. *See* FED. R. APP. P. 22(b).

2. *See Gaston v. Ohio*, No. 00–3097 (6th Cir. April 21, 2000) (unpublished order).

After meeting police at the door, Brace indicated that the men who beat him had ran into the basement. Toledo Police Officer Daniel Brandon searched Brace's apartment and found a blood-covered hatchet. Officer Brandon then called for the Directed Patrol Unit to come and search the basement. After searching the basement twice, police noticed two pair of legs dangling from the basement ceiling. The police pulled Appellant and his brother, David Gaston, out of the cold air return vents, where they had been hiding. Appellant, who resisted being pulled down from the ceiling, was subdued by the police on the basement concrete floor. Appellant and his brother were then arrested and taken to the police station.

On October 9, 1996, Appellant was indicted by the Lucas County Grand Jury on one count of aggravated burglary, in violation of Ohio Revised Code ("O.R.C.") § 2911.11(A)(1), and one count of felonious assault, in violation of O.R.C. § 2903.11(A)(2). On April 11, 1997, the jury found Appellant guilty of aggravated burglary and felonious assault. On April 25, 1997, following presentence investigation, the trial court sentenced Appellant to serve eight years in prison for aggravated burglary, and seven years in prison for felonious assault, to be served consecutively.

Following the jury trial, Appellant brought a direct appeal from the judgment of the Lucas County Court of Common Pleas. Appellant set forth two assignments of error: (1) the lead detective failed to preserve potentially exculpatory blood evidence in violation of his due process rights; and (2) his conviction was not supported by the manifest weight of the evidence. The Court of Appeals dismissed both of these claims on the merits.

On December 1, 1998, Appellant, acting *pro se*, brought an application for reopening before the Court of Appeals. In his application. Appellant sets forth two grounds for reopening his appeal: (1) ineffective assistance of appellate counsel for failure to argue on direct appeal that police improperly suggested to the victim that Appellant was responsible for committing the crime in question; (2) testimony at trial contradicted out of court statements made by the police and the victim as to the identity of the individual responsible for committing crime in question. The Court of Appeals found that the appellate counsel was not ineffective. The Court of Appeals also found that Appellant's second claim was previously considered on direct appeal and thus provides no additional substantive ground for relief.

On April 19, 1999, Gaston filed his first habeas petition. The district court dismissed the petition without prejudice for failure to exhaust state court remedies. After the dismissal of his habeas petition. Gaston filed an appeal with the Ohio Supreme Court. On August 4, 1999, the Deputy Clerk of the Ohio Supreme Court, in a letter, notified Appellant that the materials necessary to perfect his appeal were not submitted within the 45–day time period prescribed by Ohio S.Ct. Prac.R. II, Section 2(A)(1). The Deputy Clerk also noted that S.Ct. Prac. R. II. Section 2(A)(4)(b) states that the provisions for filing a motion for delayed appeal apply to appeals on the merits and not to appeals involving postconviction relief.

Appellant filed the present habeas petition in September 1999. This second petition raised the same claims as his first petition, namely that: (1) the prosecutor failed to disclose evidence favorable to Appellant; (2) trial counsel provided ineffective assistance of counsel; and (3) the trial court should have permitted trial counsel to withdraw because of a conflict of interest. The district court denied Appellant's second habeas petition because it conclud-

ed that Appellant had procedurally defaulted his claims by not timely appealing them to the Ohio Supreme Court. The district court assumed that Appellant attempted to file a delayed appeal concerning the denial of a postconviction motion, which is not allowed under Ohio S.Ct. Prac. R. II. Section 2(A)(4)(b).

The Sixth Circuit granted Appellant's application for a certificate of appealability with respect to the following claims: (1) whether the prosecutor failed to disclose evidence favorable to Appellant, and (2) whether Appellant received ineffective assistance of trial counsel. The Court specifically directed the parties to address the district court's ruling that review of these two claims is barred by procedural default. *See Gaston v. Ohio,* No. 00–3097 (6th Cir. April 21, 2000) (unpublished order).

## . II.

■ We review the legal conclusions involved in the district court's decision to grant or deny the writ *de novo;* however, the district court's factual findings will not be disturbed unless they are clearly erroneous. *See Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001); *Gonzales v. Elo,* 233 F.3d 348, 352 (6th Cir.2000). The narrow issue before this Court is whether the district court properly found that Appellant's petition for habeas corpus should be dismissed on the ground the claims contained therein were procedurally defaulted.

■ "It is well settled that a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration before bringing a habeas claim." *Brooks v. Edwards,* No. 95–3775, 1996 WL 506505, at *4 (6th Cir. Sept.5, 1996) (unpublished); 28 U.S.C. § 2254(b), (c) "If the defendant fails to do so, but still has an avenue open to him by which he may present the claims in state court, his

federal habeas petition is subject to dismissal for failure to exhaust state remedies." *Id.* In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986).

With these principles in mind, we turn to the district court's dismissal of Appellant's habeas petition on the ground that it is barred by procedural default. Appellant's habeas petition asserts two claims: (1) the prosecutor failed to disclose favorable evidence; and (2) Appellant received ineffective assistance of trial counsel. The district court dismissed Appellant's habeas petition on the ground that the claims contained therein were procedurally defaulted when Appellant failed to timely appeal these claims to the Ohio Supreme Court.

A. Whether Appellant's claim that prosecutor failed to disclose favorable evidence was procedurally defaulted

Appellant's claim that the prosecutor failed to disclose favorable evidence contains four separate allegations: (1) the prosecutor failed to preserve physical evidence and blood samples; (2) the prosecutor failed to produce proof of whose fingerprints were found on the alleged weapons used in the assault; (3) the prosecutor suppressed police photographs of Appellant that proved beyond a reasonable doubt that there was no blood on his body

at the time of his arrest; and (4) the prosecutor failed to disclose the fact that Appellant's co-defendant (his brother) swore under oath, at another trial, that Larry Gaston "had nothing to do with it."

■ The only allegation that Appellant raised on direct appeal was his claim that the government failed to preserve blood evidence ("Allegation (1)").[3] The district court's conclusion that the Appellant failed to timely file this appeal with the Ohio Supreme Court within the 45–day time period prescribed by Ohio S.Ct. R. II. Section 2(A)(1)(a)[4] is undoubtedly correct. However, Ohio S.Ct. R. II, Section 2(A)(4)(a) provides that:

> In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal.

Ohio S.Ct. R. II, Section 2(A)(4)(b) provides that "[t]he provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving post-conviction relief ...." The district court erroneously assumed that (1) Appellant had filed a motion for delayed appeal after the Ohio Supreme Court rejected his original appeal as untimely, and (2) Appellant's appeal involved a petition for post-conviction relief. However, there is no evidence in the record that Appellant ever filed a motion for delayed appeal involving a petition for postconviction relief. Rather, Gaston's untimely appeal to the Ohio Supreme Court was on the merits. Therefore, Section 2(A)(4)(b)'s prohibition of delayed appeals involving postconviction relief does not bar Appellant from filing a motion for delayed appeal. Pursuant to Ohio S.Ct. R. II, Section 2(A)(4)(a), Appellant may file a delayed appeal to the Ohio Supreme Court concerning his claim that the government failed to preserve potentially exculpatory blood evidence. Because Appellant has state remedies available, the district court erred in dismissing this claim as procedurally defaulted. Instead, we remand with instructions to dismiss this claim (Allegation (1)) without prejudice for failure to exhaust state remedies.

■ Appellant never raised on direct appeal the following allegations ("Allegations (2)-(4)"): the prosecutor failed to produce proof of whose fingerprints were found on the weapon; the prosecutor suppressed police photographs; and the prosecutor failed to disclose that his co-defendant swore at another trial that Appellant

---

3. Before the Ohio Court of Appeals. Appellant claimed that "[t]he lead detective decided not to preserve the blood evidence for scientific analysis, which analysis might have been exculpatory, thus depriving Appellant of his due process rights to a fair trial." *State v. Gaston*, No. L–97–1170, 1998 WL 833556, at *1 (Ohio Ct.App. Dec. 4, 1998) (unpublished). By contrast, in his habeas petition. Appellant claimed that the *prosecutor* knowingly failed to preserve blood evidence. Although. Appellant did not mention the prosecutor's role in failing to preserve the blood evidence before the court of appeals, both allegations give rise to the same legal claim—that the government failed to preserve potentially exculpatory evidence in violation of his due process rights. *See United States v. Jobson*, 102 F.3d

214, 218 (6th Cir.1996) (holding that where government fails to preserve evidence whose exculpatory value is indeterminate and only potentially useful, the defendant must show (1) that the government acted in bad faith, (2) the exculpatory value of evidence was apparent before its destruction, (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonably available means).

4. Ohio S.Ct. R. II Section 2(A)(1)(a) provides that "[t]o perfect an appeal from a court of appeals to the Supreme Court ... the appellant shall file a notice of appeal in the Supreme Court within 45 days from the entry of the judgment being appealed."

"had nothing to do with it." Under Ohio law, the failure to raise on appeal a claim *that appears on the face of the record* constitutes a procedural default under the State's doctrine of *res judicata. See Wong v. Money,* 142 F.3d 313, 322 (6th Cir.1998); *Brooks,* 1996 WL 506505 at \*5 (6th Cir. Sept.5, 1996) (unpublished); *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169, 171 (Ohio 1982); *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104, 108 (Ohio 1967) (emphasis added). Conversely, a claim that is based on facts outside the record is not barred by *res judicata. See State v. Smith,* 125 Ohio App.3d 342, 708 N.E.2d 739, 743 (Ohio Ct.App.1997) (holding that "[t]he presentation of competent, relevant, and material evidence outside the record may defeat the application of res judicata").[5] To overcome the *res judicata* bar, the evidence outside the record "must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original [trial] record." *State v. Lawson,* 103 Ohio App.3d 307, 659 N.E.2d 362, 367, (Ohio Ct.App.1995); *see also State v. Kapper,* 5 Ohio St.3d 36, 448 N.E.2d 823, 826 (Ohio 1983) (explaining that to avoid a finding of *res judicata,* a petitioner must submit evidentiary documents containing sufficient

operative facts outside the record to demonstrate that he is entitled to relief). Indeed, Ohio courts refrain from hearing claims on direct appeal that are based on facts outside the record. *See Ohio v. Cooperrider,* 4 Ohio St.3d 226, 448 N.E.2d 452, 454 (Ohio 1983); *Ohio v. Kent,* No. 96CA794, 1998 WL 106158, at \*4 (Ohio Ct.App. Mar.4, 1998) (unpublished). Instead, Ohio has provided a procedure through O.R.C. § 2953.21 whereby an appellant may present claims based on evidence outside the record in a petition for postconviction relief.[6] *Id.*

■ Thus, the question is whether Allegations (2)-(4) appear to rest on evidence outside the record. If they clearly are not based on evidence outside the record, they are barred by Ohio's doctrine of *res judicata.* Allegations (2)-(4) are all premised on the claim that the prosecution failed to disclose evidence that was favorable to the Appellant. The very core of this claim rests on the notion that there is evidence outside the record that could have exculpated the Appellant.[7] Since Appellant's claim appears to rest on evidence outside the record, Ohio's doctrine of *res judicata* does not bar Appellant from raising this claim in a postconviction petition pursuant

---

**5.** The Sixth Circuit has recognized *res judicata* as an independent and adequate ground upon which to bar consideration of habeas claims. *See Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir.1998); *Wong v. Money,* 142 F.3d 313, 322 (6th Cir.1998).

**6.** Ohio Rev.Code. § 2953.21(A)(1) provides that:

> Any person who has been convicted of a criminal offense ... and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sen-

> tence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence of the claim for relief.

Ohio Rev.Code Ann. § 2953.21 (Anderson 1999).

**7.** Of course, in a petition for postconviction relief, the Appellant will have to show, through the use of extrinsic evidence, that he could not have appealed the original constitutional claim based on the information in the original trial record. *See State v. Combs* 100 Ohio App.3d 90, 652 N.E.2d 205, 209 (Ohio Ct.App.1994). However, since Appellant has not actually filed a petition for postconviction relief under § 2953.21, this court need only focus on whether Appellant's claim appears to rest on evidence outside the record.

to O.R.C. § 2953.21. *See Cooperrider*, 448 N.E.2d at 454; *Kent*, 1998 WL 106158, at *4.

■ Because nearly two years have passed since Appellant filed his appeal with the court of appeals, Appellant's claims (Allegations (2)-(4)) would clearly be time-barred under R.C. § 2953.21(A22) which provides that postconviction petitions must be filed within 180 days after the date on which the trial transcript is filed in the court of appeals. However, O.R.C. § 2953.23 provides that a petition may be filed outside the 180-day window if: 1) the petitioner shows that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief; and 2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. This Court need not determine whether Appellant's claims meet the standards provided in O.R.C. § 2953.23. Rather, the Appellant may bring a postconviction petition before the court that imposed the sentence, and it is the prerogative of that court to determine whether the petition meets the requirements of § 2953.23. In sum, Appellant still has state law remedies available. Thus, we remand with instructions to the district court to dismiss the claims (Allegations (2)-(4)) without prejudice for failure to exhaust state remedies.

B. Whether Appellant's claim that he was denied effective assistance of trial counsel was procedurally defaulted

In *State v. Cole*, the Ohio Supreme Court held that when a defendant is represented by new counsel upon direct appeal, yet fails to raise the issue of trial counsel's competence, even though the issue could have been determined without resort to evidence outside the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief. 2 Ohio St.3d 112, 443 N.E.2d 169, 171 (Ohio 1982). Appellant, although represented by new counsel, failed to assert in his direct appeal that he was denied the effective assistance of trial counsel. Thus, the issue is whether Appellant's ineffective assistance of counsel claim is based on evidence outside the record. If the claim is based on evidence outside the record, it is not barred by the doctrine of *res judicata* and may be raised in a postconviction petition pursuant to O.R.C. § 2953.21 et seq.

Appellant's ineffective assistance of trial counsel claim contains five separate allegations: (1) counsel failed to move the prosecution to prove whose fingerprints were on the axe handle allegedly used in the assault; (2) counsel failed to move the prosecution to prove Gaston's clothes had any blood on them; (3) counsel failed to move the prosecution, on discovery, to produce police photographs that showed there was no blood on Appellant's clothes; (4) counsel failed to move the court via subpoena to produce co-defendant who had testified in another trial that Appellant had nothing to do with the assault; (5) counsel failed to move the court for dismissal on the grounds that the lead detective testified under oath that he failed to preserve evidence that was potentially exculpatory.

■ The only allegation that clearly does not rest on evidence outside the record is Allegation (5)—that counsel failed to move the court for dismissal on the ground that the lead detective testified under oath that he failed to preserve evidence that was potentially exculpatory. Since this claim necessarily rests on testimony that took place at trial, it is clearly based on information in the record, and therefore could have been raised on direct appeal. Accordingly, this allegation is barred by Ohio's doctrine of *res judicata*. Because

Appellant fails to assert cause or prejudice to excuse this procedural default, Allegation (5) is barred from federal habeas review. *See Coleman*, 501 U.S. at 750, 111 S.Ct at 2565. It is only with respect to this sole allegation pertaining to Appellant's ineffective assistance of counsel claim that the district court's decision is affirmed.

The rest of the Allegations ((1)-(4)) may rest on evidence outside the record. Appellant may raise these allegations in a petition for postconviction relief pursuant to O.R.C. § 2953.21 and § 2953.23 before the court that imposed the sentence. If Appellant, at that stage, fails to show, through the use of extrinsic evidence, that he could not have appealed the original constitutional claim based on the information in the original trial record, then that court may dismiss the petition as barred by *res judicata*. Or the state court may ultimately dismiss the postconviction petition on the ground that the requirements of O.R.C. § 2953.23 have not been met. In any case, these determinations should be made by the court that imposed the sentence. We remand this claim (Allegations (1)-(4)) to the district court with instructions to dismiss without prejudice for failure to exhaust state remedies.

### III.

For the foregoing reasons, we RE-VERSE, in part, the district court's dismissal of Appellant's habeas petition as barred by procedural default and RE-MAND with instructions to the district court to dismiss the petition without prejudice for failure to exhaust state remedies. Allegation (5) pertaining to Appellant's claim that trial counsel was ineffective is barred by Ohio's doctrine of *res judicata* and therefore has been procedurally defaulted. Only with respect to this allegation, is the district court's decision below AFFIRMED.